UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                                                    Chapter   13

AUGUSTINO PICCOLO,                                                       Case No. 18-11547

                            Debtor

-----------------------------------------------------------------X

## DEBTOR'S MOTION FOR VOLUNTARY DISMISSAL
## OF CHAPTER 13 CASE

Augustino Piccolo, the above-captioned debtor ("Debtor"), by his attorney, Phillip Mahony, Esq., files this motion ("Motion") seeking entry of an Order, pursuant to §1307(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Bankruptcy Rule 1017(f) voluntarily dismissing this Chapter 13 case. In support of its Motion, the Debtors respectfully set forth and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND AND ISSUE

2. Facing imminent foreclosure of his property located at 200 Chambers Street #6C, New York, NY 10007 (the "Property"), Debtor filed this Chapter 13 petition on May 23, 2018.

3. Subsequent to filing his petition, Debtor fulfilled several of the basic

responsibilities of a Chapter 13 Debtor. He attended the Trustee's meeting on August 3, 2018. He filed his schedules, his Chapter 13 plan, he completed the Personal Financial Management Course and filed the certificate of completion of that course on the docket.

4.  On August 1, 2018, Rushmore Loan Management Services, LLC, ("Rushmore") holder of the Property's mortgage. filed Proof of Claim # 3-1. The claim listed the total debt owed on the Property as $1,295,608.80. The estimated value of the Property is about $4 million. After carefully reviewing the claim and supporting documents, as well as Debtor's own payment records, it was determined that Debtor's total secured debt exceeds the Chapter 13 debt limit imposed by § 109(e) of the Bankruptcy Code.

5.  At this time Debtor has decided not to convert to a Chapter 11 bankruptcy. He hopes to negotiate an affordable payment plan with Rushmore that will enable him to keep the Property.

6.  There is no motion for relief pending in this case and no such motions have been filed in this case.

7.  There is no related adversary proceeding pending in this case and no such action has been filed.

LEGAL FOUNDATION

8.  Section 1307(b) of the Bankruptcy Code states "On request of the Debtor at any time, if the case has not been converted under section 706, 1112 or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable."

9.  Bankruptcy Rule 1017(f)(2) states that "conversion or dismissal under §§ 706(a), 1112(a), 1208(b) or 1307(b) shall be on motion filed and served as required by Rule 9013."

## ANALYSIS

10. The Second Circuit has held that §1307(b) affords a debtor an absolute right to dismiss a Chapter 13 proceeding. *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616 (2d Cir. 1999) ("Section 1307(b) unambiguously requires that if a debtor "at any time" moves to dismiss a case that has not previously been converted, the court "shall" dismiss the action. The term "shall," as the Supreme Court has reminded us, generally is mandatory and leaves no room for the exercise of discretion by the trial court. See Anderson v. Yungkau, 329 U.S. 482, 485 (1947)")

11. Another line of cases has held that voluntary dismissal of a Chapter 13 Case can be denied on grounds of bad faith *In re Armstrong*, 408 B.R. 559 (Bankr. E.D.N.Y. 2009). There is no indication that the Debtor filed or pursued this Chapter 13 in bad faith, and there have been no such accusation made by Rushmore or any creditor. Again, as discussed in paragraph 3 above, Debtor by his actions has shown respect for the Chapter 13 process and the Court, and his filing has not adversely affected Rushmore except other than forcing a postponement of the foreclosure sale.

12. No prior request for the relief sought herein has been made heretofore.

# Phillip Mahony, Esq.
Bankruptcy - Foreclosure – Debt Settlement

---

**WHEREFORE**, the Debtor respectfully requests that the Court grant Debtor's motion for voluntary dismissal of this Chapter 13 case, together with such other and further relief as to this Court may seem just and proper under the circumstances.

Dated: Queens, New York

August 29, 2018

*/s/ Phillip Mahony*
Phillip Mahony, Esq.
MahonyLaw PLLC
Steinway Law Offices
21-83 Steinway Street
Astoria, NY 11105
917-414-6795
FAX: 844-269-2809
mahonylaw@outlook.com